Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| CHRISTIAN I. RIVERA RÍOS<br><br>Recurrente<br><br><br>v.<br><br><br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrida | KLRA202400332 | Revisión Administrativa, procedente del Departamento del Trabajo y Recursos Humanos<br><br>Apel. Núm.:<br>A-03229-23<br><br>Sobre:<br>Inelegibilidad a los Beneficios del Seguro por Desempleo Sección 4(b)(3) de la Ley de Seguridad de Empleo de Puerto Rico |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de junio de 2024.

La jurisdicción es "el poder o autoridad con que cuenta un tribunal para considerar y decidir los casos y las controversias". *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020) (citando a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019)). En función de ello, los tribunales deben constatar su jurisdicción y carecen de discreción para asumirla si no la poseen. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020) (citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882) (2007)). Como consecuencia, cuando un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso. *Cancel Rivera v. González Ruiz*, 200 DPR 319

(2018). Una sentencia dictada sin jurisdicción es nula en derecho y se considera inexistente. *Shell v. Srio. Hacienda*, 187 DPR 109 (2012). Ante dicho escenario, la Regla 83 del *Reglamento del Tribunal de Apelaciones* contempla la desestimación o denegación de un recurso por carecer de jurisdicción para atenderlo en sus méritos. Véase Regla 83(B) y (C) del Tribunal de Apelaciones (4 LPRA Ap. XXII-B).

Al mismo tiempo, el *Reglamento del Tribunal de Apelaciones* responsabiliza al peticionario con incluir en el Cuerpo del recurso (1) el nombre y el número del caso administrativo del cual se recurre; (2) la agencia que la dictó; (3) la Región Judicial correspondiente; (4) la fecha en que fue dictada; y (5) la fecha en que se archivó en autos copia de su notificación a las partes. Íd., R. 59(C). Más aun, deberá el mismo contener (1) una relación fiel y concisa de los hechos procesales; (2) un señalamiento breve y conciso de los errores que a juicio del recurrente cometió la agencia; (3) una discusión de los errores señalados, cual incluirá las disposiciones de ley y la jurisprudencia aplicables; y (4) la súplica. Íd.

Igualmente, el recurrente deberá adjuntar un Apéndice con una copia literal de (1) la solicitud original ante la agencia; (2) la orden, resolución o providencia administrativa objeto del recurso de revisión; y (3) toda resolución u orden en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta, entre otros. Íd., R. 59(E). No obstante, el foro apelativo podrá permitir, a solicitud de la parte peticionaria, en moción o *motu proprio*, la presentación de los documentos del Apéndice en una fecha posterior, dentro de un término de quince (15) días contados a

partir de la fecha de notificación de la resolución que autoriza tal presentación. Íd.

En este caso, el señor Rivera Ríos recurrió ante este Tribunal erróneamente. Del expediente no se desprenden referencias o documentos que evidencien las resoluciones o decisiones del DTRH de cuyas determinaciones de hechos y conclusiones de derecho podamos revisar. Los únicos documentos que nos provee el recurrente son una carta sobre su deseo de obtener el derecho al desempleo y una decisión en reconsideración de la Oficina de Apelaciones Ante el Secretario, en la cual no se discute en detalle los hechos o el derecho de la controversia. Por tanto, ante la falta de documentos que podamos evaluar, carecemos de jurisdicción para atender los planteamientos esbozados en el recurso de revisión administrativa.

Por los fundamentos anteriormente expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones